

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

DWIGHT LEE HAMMAN,                                CV. 07-473-MA

        Petitioner,                         OPINION AND ORDER

  v.

JEAN HILL,

        Respondent.


Dwight L. Hamman
SID # 14930921
Snake River Correctional Institution
777 Stanton Blvd.
Ontario, Oregon 97914

    Petitioner, *Pro Se*

John Kroger
Attorney General
Jonathan W. Diehl
Assistant Attorney General
Department of Justice
1162 Court Street N.E.
Salem, Oregon, 97301-4096

    Attorneys for Respondent

MARSH, Judge

    Petitioner, an inmate at the Snake River Correctional Instituiton, brings this habeas corpus proceeding pursuant to 28

1 -- OPINION AND ORDER

U.S.C. § 2254. For the reasons set forth below, the petition is denied, and this proceeding is dismissed.

## BACKGROUND

On April 22, 2003, petitioner entered pleas of guilty and no contest to charges that he raped and sodomized two of his daughters. Petitioner was sentenced to a total of 300 months imprisonment.

Petitioner did not file a direct appeal. However, petitioner did seek state post-conviction relief alleging eight grounds of ineffective assistance of counsel in a formal petition, and an additional three grounds for relief in a supplemental *pro se* petition. The post-conviction court denied relief.

On appeal to the Oregon Court of Appeals, petitioner raised one assignment of error: the post-conviction court erred in denying post-conviction relief when petitioner was not competent to enter a plea. Under the heading "preservation of error", petitioner noted that he raised claims of ineffective assistance of counsel below. In support of this assignment, petitioner cited to Strickland v. Washington, 466 U.S. 668 (1984), and argued that trial counsel was ineffective for failing to ensure that petitioner was competent to enter a plea.

In sum, petitioner presented what appears to be an amalgamation of both a direct challenge to the voluntary nature of his plea, and an ineffective assistance of counsel claim. The

2 -- OPINION AND ORDER

Oregon Court of Appeals summarily affirmed. Petitioner sought review by the Oregon Supreme Court, again alleging that, as a result of ineffective assistance of counsel, his plea was not voluntary. The Oregon Supreme Court denied review.

In the instant proceeding, petitioner filed *pro se* an original habeas petition, and an amended petition (which purports to supplement rather than replace the original petition). In his original petition, petitioner alleges the following grounds for relief: (1) confession without corroborating evidence violates O.R.S. 136.425(1); (2) trial court erred in accepting guilty plea due to petitioner's unstable mental state; (3) presumptive sentence violates rule announced in <u>Blakely v. Washington</u>, 542 U.S. 296 (2004); (4) violation of due process - petitioner not competent to waive jury trial; (5) trial court erred in failing to order presentence report; (6) violation of right to speedy trial; (7) denied right to confront witnesses; (8) "misapplication" of consecutive sentences; (9) post-conviction court failed to make adequate findings; and (10) ineffective assistance of appellate counsel for failing to investigate errors.

In his amended petition, petitioner alleges the following grounds for relief: (1) state statutes under which he was convicted lacked enactment clauses; (2) due process violation as a result of being forced to accept an "Oregon State Bar attorney" as counsel; and (3) ineffective assistance of counsel for failing to

3 -- OPINION AND ORDER

(a) challenge court's subject matter jurisdiction, and (b) "insist on due process".

## DISCUSSION

Respondent moves the court to deny habeas corpus relief on the basis that petitioner procedurally defaulted his available state remedies as to all grounds asserted in his original and amended petitions. Respondent argues that petitioner exhausted only one claim of ineffective assistance of counsel (failure to ensure petitioner was competent to pled guilty), and that claim is not raised in the instant proceeding. I agree.

Generally, a state prisoner must exhaust all available state court remedies either on direct appeal or through collateral proceedings before a federal court may consider granting habeas corpus relief. 28 U.S.C. § 2254(b)(1); Cook v. Schriro, 538 F.3d 1000, 1025 (9th Cir. 2008), cert. denied, 129 S.Ct. 1033 (2009).

A state prisoner satisfies the exhaustion requirement by fairly presenting his claim to the appropriate state courts at all appellate stages afforded under state law. Cook, 538 F.3d at 1025; Baldwin v. Reese, 541 U.S. 27, 29 (2004). The presentation of a claim in a procedural context in which it will not be considered by the state court is not a "fair presentation" for purposes of exhaustion. Castille v. Peoples, 489 U.S. 346, 351-52 (1989).

When a state prisoner fails to exhaust his federal claims in state court, and the state court would now find the claims barred

4 -- OPINION AND ORDER

under applicable state rules, the federal claims are procedurally defaulted. Coleman v. Thompson, 501 U.S. 722, 735 n.1 (1991); Casey v. Moore, 386 F.3d 896, 919-21 (9th Cir. 2004), cert. denied, 545 U.S. 1146 (2005). Habeas review of procedurally defaulted claims is barred unless the petitioner demonstrates cause and prejudice, or that the failure to consider the claims will result in a fundamental miscarriage of justice. Coleman, 501 U.S. at 750.

In the instant proceeding, petitioner alleged on appeal from the denial of post-conviction relief, that he received ineffective assistance of trial counsel due to counsel's failure to ensure that petitioner was competent to pled guilty. That claim is not alleged in this proceeding. The grounds for relief which are raised in this proceeding are procedurally defaulted due to petitioner's failure to raise them in a direct appeal, or in the state post-conviction proceeding. Because petitioner can no longer pursue those avenues of relief (O.R.S. 138.071, 138.550(3) & 138.650), petitioner has procedurally defaulted his available state remedies.

To the extent that petitioner's post-conviction appellate brief and petition for review can be construed as raising a direct challenge to the constitutionality of his plea, the claim was presented in a procedural context in which it would not be considered because it was not preserved in the state post-conviction trial court. See Castille, 489 U.S. at 351-52; Or. R. App. P. 5.45(1) (no error will be considered on appeal unless it

5 -- OPINION AND ORDER

was preserved in the lower court, provided that the appellate court may consider errors of law apparent on the face of the record). Accordingly, any direct challenge to the voluntary nature of his plea is procedurally defaulted.

Petitioner has failed to make a showing of cause and prejudice sufficient to overcome his procedural default, and he has not demonstrated that failure to consider his claims will result in a fundamental miscarriage of justice. Accordingly, habeas corpus relief is precluded.

## CONCLUSION

Based on the foregoing, petitioner's original and amended petitions for a writ of habeas corpus (#1 & #38) are DENIED, and this proceeding is DISMISSED, with prejudice.

IT IS SO ORDERED.

DATED this  2  day of March, 2009.

*Malcolm F. Marsh*
Malcolm F. Marsh
United States District Judge

6 -- OPINION AND ORDER